ADRIENNE C. PUBLICOVER (SBN #161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY E. CHAN, | Case No.:    CV07-06214 JL |
| Plaintiff, | **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT** |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; and FUJITSU BUSINESS COMMUNICATION SYSTEMS, INC. LONG TERM DISABILITY PLAN, | Courtroom:    F<br>Magistrate Judge James Larson |
| Defendants. | |

COMES NOW Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, INC. (hereinafter referred to as "LINA"), for itself and itself alone, and answers the allegations in the Complaint for Disability Benefits, by Plaintiff, Andy E. Chan ("Plaintiff"), as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Complaint violates these provisions as it contains

---

1
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV07-06214 JL
321717.1

partial quotes and unnecessary advocacy. In answering the Complaint, Defendants only are required to address the averments upon which Plaintiff relies to allegedly state a claim.

1. In response to Paragraph 1 of the Complaint, LINA admits that Plaintiff's action is governed by ERISA and that venue is therefore proper in the Northern District of California. LINA further admits that Plaintiff seeks long term disability benefits, clarification and enforcement of any past, present or future rights to benefits, equitable relief, prejudgment interest, postjudgment interest, attorneys fees and costs. LINA denies that Plaintiff is entitled to any of the relief requested.

2. In response to Paragraph 2 of the Complaint, LINA admits that Plaintiff was an employee of Fujitsu Business Communications Systems, Inc. ("Fujitsu"), and was a resident of Newark, California. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

3. In response to Paragraph 3 of the Complaint, LINA admits that it is a corporation with its principal place of business in the Commonwealth of Pennsylvania, authorized to transact business in the Northern District of California, that it is the insurer of benefits under the Plan and that it is the claims administrator. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

4. In response to Paragraph 4 of the Complaint, LINA admits the Plan is an employee welfare benefit plan regulated by ERISA and was established by Fujitsu. LINA further admits that Plaintiff was a participant in said Plan, the terms of which speak for themselves. LINA denies that Plaintiff is entitled to PTD benefits under the Plan. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

5.  In response to Paragraph 5 of the Complaint, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations of this Paragraph.

### Answer to First Cause of Action

6.  In response to Paragraph 6 of the Complaint, LINA admits that Plaintiff was employed by Fujitsu. LINA denies the remaining allegations of this Paragraph.

7.  In response to Paragraph 7 of the Complaint, LINA admits the Plaintiff was a covered employee under the terms of the Plan, the terms of which speak for themselves.

8.  In response to Paragraph 8 of the Complaint, LINA admits that Plaintiff made a claim for LTD benefits in 1994, that said claim was approved and paid through May 2007, that on or about May 2, 2007, benefits were terminated and that Plaintiff submitted an appeal on or about August 22, 2007. LINA denies the remaining allegations of this Paragraph.

9.  In response to Paragraph 9 of the Complaint, LINA denies the allegations of this Paragraph.

10. In response to Paragraph 10 of the Complaint, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations of this Paragraph.

11. In response to Paragraph 11 of the Complaint, LINA admits that Plaintiff exhausted his administrative remedies. LINA denies the remaining allegations of this Paragraph.

12. In response to Paragraph 12 of the Complaint, LINA denies the allegations of this Paragraph.

13. In response to Paragraph 13 of the Complaint, LINA denies the allegations of this Paragraph.

### Answer to Second Cause of Action

14. In response to Paragraph 14 of the Complaint, LINA incorporates by reference its responses to Paragraphs 1 – 13 as though fully set forth herein.

15. In response to Paragraph 15 of the Complaint, LINA denies the allegations of this Paragraph.

### Answer to Third Cause of Action

16. In response to Paragraph 16 of the Complaint, LINA incorporates by reference its responses to Paragraphs 1 – 15 as though fully set forth herein.

17. In response to Paragraph 17 of the Complaint, LINA admits that there exists a controversy between the parties as to Plaintiff's entitlement to benefits and that Plaintiff seeks a declaration that he meets the definition of disability, that he was and is entitled to said benefits and that he seeks to be retroactively reinstated to receive said benefits. LINA denies that Plaintiff is entitled to the relief he seeks.

### Answer to Request for Relief

18. In response to Paragraph 1 of Plaintiff's Request for Relief, LINA denies that Plaintiff is entitled to disability benefits or any prejudgment or postjudgment interest thereon.

19. In response to Paragraph 2 of Plaintiff's Request for Relief, LINA denies that Plaintiff is entitled to a declaration that he is disabled under the terms of the Plan, that he is disabled.

20. In response to Paragraph 3 of Plaintiff's Request for Relief, LINA denies that Plaintiff is entitled to injunctive relief.

21. In response to Paragraph 4 of the Request for Relief, LINA denies that Plaintiff is entitled to costs and attorney fees.

22. In response to Paragraph 5 of the Request for Relief, LINA denies that Plaintiff is entitled to prejudgment and postjudgment interest.

23. In response to Paragraph 6 of the Request for Relief, LINA denies that Plaintiff is entitled to any other or further relief.

\\\

\\\

WHEREFORE, LINA prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted against LINA.

### SECOND AFFIRMATIVE DEFENSE
(Proper Claim Decision)

25. The claim decision was correct and proper under the terms of the Plan.

### THIRD AFFIRMATIVE DEFENSE
(Decision Not Arbitrary or Capricious)

26. Under the terms of the Plan, LINA is vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. The decision to deny Plaintiff's claim for continued long term disability benefits was not arbitrary and capricious.

### FOURTH AFFIRMATIVE DEFENSE
(Ineligibility for Coverage)

27. Plaintiff was not eligible for coverage under the Plan as he failed to demonstrate total disability under the terms of the Policy.

### FIFTH AFFIRMATIVE DEFENSE
(Failure To Satisfy Conditions Precedent)

28. LINA on information and belief and on that basis alleges that Plaintiff's action against LINA is barred because Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan sued upon.

### SIXTH AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

29. By his conduct or that of his agents, Plaintiff has waived, or is estopped to assert, every claim for relief against LINA set forth in his Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

30. Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

31. Plaintiff's claims are barred by principles of unjust enrichment.

### NINTH AFFIRMATIVE DEFENSE
### (Privileged and Good Faith Conduct)

32. LINA alleges that each and every act or statement done or made by LINA, or by LINA's agents, with reference to Plaintiff, was privileged as a good faith assertion of LINA's legal and contractual rights.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Plan Terms)

33. LINA asserts that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

34. LINA asserts that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

### TWELFTH AFFIRMATIVE DEFENSE
### (Entitlement to Set-Off)

35. To the extent that a court holds that Plaintiff is entitled to benefits, which LINA denies, LINA is entitled to a set-off for any additional other income benefits that should be taken into account in calculating his long term disability benefits, including, but not limited to, any benefits Plaintiff has received from the Social Security Administration or Workers' Compensation.

36. LINA reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, LINA prays for judgment as follows:

1. That Plaintiff take nothing against LINA by reason of his Complaint on file herein, that judgment be awarded in favor of LINA, and against Plaintiff, and that LINA be dismissed from this action;

2. That LINA be awarded its attorneys' fees incurred herein;

3. That LINA be awarded its costs of suit; and

4. That the Court grant such other and further relief as it may deem just and proper.

Date: January 31, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____/s/ Dennis J. Rhodes_____
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendant
LIFE INSURANCE COMPANY OF
NORTH AMERICA

# CERTIFICATE OF SERVICE
*Andy E. Chan v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-06214 JL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Glenn R. Kantor, Esq.
Alan E. Kassan, Esq.
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel:   (818) 886-2525
Fax:   (818) 350-6272

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 31, 2008**, at San Francisco, California.

_____
Nancy L.

---