ADRIENNE C. PUBLICOVER (SBN #161432)
Email: adrienne.publicover@wilsonelser.com
DENNIS J. RHODES (SBN #168417)
Email: dennis.rhodes@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market St., 17th Floor
San Francisco, California 94105
Tel:  (415) 433-0990
Fax:  (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA


ALAN E. KASSAN (SBN #113864)
Email: akassan@kantorlaw.net
PETER S. SESSIONS (SBN #193301)
Email: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel:  (818) 886-2525
Fax:  (818) 350-6272

Attorneys for Plaintiff
ANDY E. CHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY E. CHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; and FUJITSU BUSINESS COMMUNICATION SYSTEMS, INC. LONG TERM DISABILITY PLAN,<br><br>　　　　Defendants. | Case No.:   CV07-06214 JL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   March 12, 2008<br>Time:   10:30 a.m.<br>Ctrm:   F<br>Floor:  15<br>Before: Magistrate Judge James Larson |

　　　　Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff Andy Chan ("Chan") and Defendants Life Insurance Company of North America ("LINA") and Fujitsu Business Communications Systems, Inc. Long Term Disability

1  Plan ("the Plan") (collectively, "Defendants"), by and through their respective counsel of record,
2  hereby submit this Joint Case Management Statement.
3  **1.      Jurisdiction and Service.**
4         This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee
5  Retirement Income Security Act of 1974 ("ERISA"), as it involves a claim by Chan for long term
6  disability ("LTD") benefits under an employee benefit plan regulated and governed under ERISA.
7  Jurisdiction is also predicated under 28 U.S.C. § 1331 (federal question). All parties to the action
8  have been served and appeared.
9  **2.      Facts.**
10        This case arises from a claim by Chan for LTD benefits under the Plan, which is governed
11 by ERISA. Defendant LINA is the insurer and claim administrator of the Plan.
12        Chan was a communications equipment installer for Fujitsu Communications. As an
13 employee of Fujitsu Communications, he was a participant and eligible for benefits under its LTD
14 Plan. Chan suffered from renal failure in 1994, and subsequently submitted an application for
15 LTD benefits under the Plan to LINA, which approved his application and began paying benefits
16 in 1995. LINA ceased paying benefits in May of 2007 on the ground that Chan no longer met the
17 Plan definition of disability. Chan appealed the decision and LINA upheld its denial. This action
18 followed.
19        Chan contends that LINA's termination of benefits was wrong and he is entitled to
20 continued disability benefits. Defendants contend the denial was correct.
21 **3.      Legal Issues.**
22        (1) The proper standard of review by which Defendants' decision must be evaluated by the
23 Court; and (2) whether Chan is entitled to benefits under the terms of the Plan.
24 **4.      Motions.**
25        There are no prior or pending motions. The parties do not anticipate filing motions, other
26 than potentially motions regarding the appropriate standard of review. The parties propose a
27 motion filing cut-off date of August 29, 2008.
28

5.  **Amendment of Pleadings.**

There are no anticipated amendments to the pleadings.

6.  **Evidence Preservation.**

Plaintiff has no electronic documents that require preservation.

Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and have preserved and will produce through initial disclosures the entire administrative record in this matter.

7.  **Disclosures.**

   a.  Plaintiff's Disclosure.

Plaintiff will produce documents pursuant to Rule 26 to the extent they are necessary to complete the administrative record produced by Defendants.

   b.  Defendants' Disclosure.

Defendants will produce their Rule 26 disclosures, including a complete copy of the administrative record and any applicable Plan documents, by March 20, 2008.

8.  **Discovery.**

Neither party has taken any discovery to date.

   a.  Plaintiff's Contentions re Discovery.

Plaintiff contends that discovery is appropriate regarding the issue of conflict of interest pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc). In *Abatie*, the court confirmed that a district court may consider evidence outside of the administrative record in ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of interest" in order to determine the appropriate level of scrutiny it should give to a conflicted administrator's decision to deny a plan participant's claim for benefits. *Id.* at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the *Abatie* court contemplated. Plaintiff anticipates propounding limited discovery on this issue once he has received and reviewed the administrative record and Plan documents produced by Defendants.

    b.    Defendants' Contentions re Discovery.

Defendants contend that discovery is not warranted in this ERISA action as the trial proceeds on the Administrative Record only.

    c.    Expert Discovery and Discovery Cut-Off.

The parties agree that expert disclosure and discovery is not necessary as the parties will not be utilizing experts for trial.

    d.    Discovery Cut-Off.

Plaintiff proposes a discovery cut-off date of July 30, 2008.

**9. Class Actions.**

This case has not been pled as a class action.

**10. Related Cases.**

There are no known related cases.

**11. Relief.**

    a.    Relief Sought by Plaintiff

Plaintiff seeks LTD benefits under the Plan in the amount of approximately $740 per month, minus applicable offsets, and his reasonable costs and attorney's fees pursuant to 29 U.S.C. § 1132(g).

    b.    Relief Sought by Defendant.

Defendant seeks judgment and dismissal with prejudice of this matter, and any reimbursement of attorney's fees and costs permissible under the law.

**12. Settlement and ADR.**

The parties through their counsel have discussed ADR, and agreed to private mediation to take place by July 30, 2008.

**13. Consent to Magistrate Judge.**

Defendant does not consent to a Magistrate Judge.

**14. Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multidistrict

Litigation.

**15. Narrowing of Issues.**

The parties believe that the appropriate standard of review in this matter may be decided through motion proceedings, and that all other issues in this fairly straightforward ERISA case can be satisfactorily resolved at trial.

**16. Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

  i. The parties propose that all fact discovery, if any, to be completed by July 30, 2008;

  ii. The parties propose that dispositive motions be filed by August 29, 2008;

  iii. The parties request that the Court waive the Final Pre-Trial Conference because:

   (a) This will be a bench trial with no live testimony;

   (b) The parties anticipate that the evidence will be largely limited to the claim file and any evidence required to be contained within the Administrative Record; and

   (c) The parties' respective positions may be briefed through trial briefs.

  iv. The parties propose a deadline for filing simultaneous opening trial briefs of September 8, 2008, and for filing responsive briefs on 22, 2008. The parties propose a trial date of October 14, 2008.

**18. Trial.**

The parties estimate that the trial of this matter will require two hours to one half day.

**19. Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil Local Rule 3-16, Chan certifies that, other than himself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

1  Pursuant to Civil Local Rule 3-16, Defendants certify that there are no persons,
2  associations of persons, firms, partnerships, corporations (including parent corporations) or other
3  entities (i) have a financial interest in the subject matter in controversy or in a party to the
4  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
5  substantially affected by the outcome of this proceeding, except for the following: Life Insurance
6  Company of North America and Fujitsu Business Communications Systems, Inc. Long Term
7  Disability Plan.

**20.  Other Matters to be Considered.**

The parties believe that there are no other matters that need to be considered at this time.

Date: February 26, 2008                     KANTOR & KANTOR, LLP


                                            By:_____/s/ Peter S. Sessions_____
                                               Alan E. Kassan, Esq.
                                               Peter S. Sessions, Esq.
                                               Attorneys for Plaintiff
                                               ANDY E. CHAN


Date: February 26, 2008                     WILSON, ELSER, MOSKOWITZ,
                                                EDELMAN & DICKER LLP


                                            By:_____/s/ Dennis J. Rhodes_____
                                               Adrienne C. Publicover
                                               Dennis J. Rhodes
                                               Attorneys for Defendant
                                               LIFE INSURANCE COMPANY OF NORTH
                                               AMERICA

**CERTIFICATE OF SERVICE**
*Andy E. Chan v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-06214 JL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Alan E. Kassan, Esq.
Peter S. Sessions, Esq.
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel:   (818) 886-2525
Fax:   (818) 350-6272

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **February 27, 2008**, at San Francisco, California.

_____
Nancy Li