1  KANTOR & KANTOR, LLP
   ALAN E. KASSAN, State Bar No. 113864
2  PETER S. SESSIONS, State Bar No. 193301
   19839 Nordhoff St.
3  Northridge, CA  91324
   Telephone: (818) 886-2525
4  Facsimile: (818) 350-6272
   akassan@ kantorlaw.net
5  psessions@kantorlaw.net

6  Attorneys for Plaintiff
   Andy Chan

7

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  Andy Chan,                        | Case No. C 07-06214 WHA

13        Plaintiff,                  | **DECLARATION OF PETER S. SESSIONS IN SUPPORT OF PLAINTIFF'S BRIEF REQUESTING LEAVE TO CONDUCT DISCOVERY**

14        vs.

15  Life Insurance Company of North   | [Plaintiff's Brief Requesting Leave To Conduct Discovery Filed Concurrently Herewith]
    America; Fujitsu Business
16  Communications Systems, Inc. Long Term
    Disability Plan,
17
          Defendants.
18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PETER S. SESSIONS IN SUPPORT OF PLAINTIFF'S BRIEF REQUESTING DISCOVERY

1    **DECLARATION OF PETER S. SESSIONS**

2

3        I, Peter S. Sessions, hereby declare as follows:

4        1.        I am an attorney duly licensed to practice law in all courts in the State of

5    California. I am one of the attorneys of record for the plaintiff in this matter, Andy Chan. I

6    know the following facts of my own knowledge and, if called as a witness, I could and would

7    testify competently to the following.

8        2.        The Court held a case management conference in this case on March 13, 2008.

9    On that date, the Court issued an order in which it instructed defendants to file the

10   "administrative record" and a motion for summary judgment on July 3, 2008, with the motion to

11   be heard on a 35-day track. The Court further instructed plaintiff to file an opposition to

12   defendants' motion, accompanied by his request for discovery. The Court also ordered a further

13   case management conference for September 4, 2008. A true and correct copy of the Court's

14   March 13, 2008 Case Management Order in Denial-of-Benefits Action Under ERISA is attached

15   to this Declaration as Exhibit "A."

16       3.        To my knowledge, defendants have not filed the administrative record with the

17   Court, nor have they filed their motion for summary judgment. Defendants have also not served

18   their initial disclosures pursuant to Federal Rule of Civil Procedure 26.

19       4.        Attached to this Declaration as Exhibit "B" is a true and correct copy of

20   documents submitted to defendant Life Insurance Company of North America as part of

21   plaintiff's claim for disability benefits and his subsequent appeal from the denial of his claim.

22   These pages are bates-stamped P001-P028.

23       5.        Plaintiff is entitled to discovery regarding LINA's claims approval/denial history,

24   as well as the structure and organization of LINA's claims department. Plaintiff also seeks

25   claims manuals, policies, procedures, guidelines, or other similar documents that explain how

26   LINA claims personnel are instructed to evaluate and make decisions on claims. In particular,

27   plaintiff seeks information concerning how LINA uses and relies on the reports of reviewing

28   physicians, as the report by LINA's reviewing physician in this case seems inconsistent with

LINA's ultimate decision to terminate plaintiff's benefits. Plaintiff is also concerned that LINA may not have had his claim reviewed by a physician during his appeal, and that LINA did not contact its reviewing physician in an effort to square his opinion with the opinion of plaintiff's treating physician. As a result, plaintiff also seeks the deposition(s) of those individuals at LINA who made the decision to terminate plaintiff's benefits in order to determine whether their decision was made objectively and in accordance with plan provisions, and to what extent, if any, it was infected by LINA's structural conflict of interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of July, 2008 at Northridge, California.


*/s/   Peter S. Sessions*
Peter S. Sessions

United States District Court
For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ANDY E. CHAN,

11            Plaintiff,                        No. C 07-06214 WHA

12      v.

13   LIFE INSURANCE COMPANY OF NORTH            **CASE MANAGEMENT ORDER**
     AMERICA and FUJITSU BUSINESS              **IN DENIAL-OF-BENEFITS**
14   COMMUNICATIONS SYSTEMS, INC.              **ACTION UNDER ERISA**
     LONG TERM DISABILITY PLAN,
15
              Defendants.
16   _____/

17

18          After a case management conference, the Court enters the following order pursuant to

19   Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

20   1.     All initial disclosures under FRCP 26 must be completed by **MARCH 20, 2008**, on pain

            of preclusion under FRCP 37(c).
21
     2.     Leave to add any new parties or pleading amendments must be sought by
22
            **MARCH 20, 2008**.
23
     3.     This is an ERISA action challenging a denial of disability benefits.  A threshold
24
            question is the extent to which the "administrative record" should be augmented
25
            and/or discovery allowed.  To tee up this issue, the following procedure will be used.
26
            On **JULY 3, 2008**, defendant shall file the "administrative record" and its motion for
27
            summary judgment to be heard on a 35-day track.  In this submission, please include a
28

EXHIBIT "A"                                                4

United States District Court
For the Northern District of California

1  detailed declaration explaining what is and is not in the "administrative record" and the

2  manner and guidelines by which it was compiled.  Then, plaintiff's opposition and any

3  request for discovery shall be filed **THREE WEEKS** before the hearing with any reply

4  thereto **TWO WEEKS** before the hearing.  Reply declarations will be disfavored.

5  4.  Depending on the outcome of the summary-judgment motion, this case may or may not

6  proceed further.  If it does, a further case management order will issue.

7  5.  A further case management conference is set for **SEPTEMBER 4, 2008**, at **11:00 A.M.**

9  **IT IS SO ORDERED.**

11  Dated:  March 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

5

Chan, Andy E (MR # 110003940340)

After Visit Summary - PATIENT CONFIDENTIAL

Data Source: KP NCAL EB MASTER - REGNEBM

Andy E Chan (MRN110003940340)

| Visit Information | Date & Time | Provider | Department |
|---|---|---|---|
| | 05/31/2007 11:00 AM | WESLEY H. LISKER MD | Hay-Nep2 >Main Campus |

Your primary care clinician is listed as WESLEY H. LISKER MD.

| Your Primary Care Providers | Provider | PCP Type |
|---|---|---|
| | WESLEY H. LISKER MD | General |

## Visit Summary

| Vitals - Last Recorded | BP | Pulse | Temp | Wt |
|---|---|---|---|---|
| | 126/90 | 88 | 98.3 °F (36.8 °C) | 176 lbs 11.2 oz (80.151 kg) |

## Medications

| Prescriptions Ordered During This Visit | Prescription | Disp | Refills | Start | End |
|---|---|---|---|---|---|
| | ASPIRIN   81 MG ORAL TBEC DR TAB | 100 | 0/0 | 5/31/2007 | |
| | **Sig** : 1 twice daily | | | | |
| | **Class** : OTC | | | | |
| | **Route** : Oral | | | | |

| Pharmacy | Pharmacy Name |
|---|---|
| | HAY SLEEPY |

| Pharmacy Address and Hours | Address | Hours |
|---|---|---|
| | 27303 Sleepy Hollow Ave So HAYWARD, CA 94545 | M - F 0900 - 1800 |

## Allergies

| Allergies as of 5/31/2007 | Allergen | Noted | Type | Reactions |
|---|---|---|---|---|
| | Penicillins Class | 9/25/2003 | | 2003-09-25;red patches on body |
| | **Date Reviewed: 3/22/2007** | | | |

## Instructions and Follow-Up

| Patient Instructions | Medications the patient reported as taking as of 05/31/2007: PROGRAF 0.5 MG ORAL CAP, Take 1 capsule orally every morning and 1 capsule every evening, Disp: 200, Rfl: 6 COLCHICINE 0.6 MG ORAL TAB, Take 1 tablet orally daily for gout., Disp: 100, Rfl: 2 |
|---|---|

Printed by Lisker, Wesley H. 5/31/07 11:54 AM

P001

EXHIBIT "B"

6

Chan, Andy E (MR # 110003940340)          Data Source: KP NCAL EB MASTER -
REGNEBM

## Instructions and Follow-Up continued

ALLOPURINOL 100 MG ORAL TAB, Take 1 tablet orally daily, Disp: 100,
Rfl: 4
NOVOLIN N 100 UNIT/ML SUBQ SUSP, Inject subcutaneously as directed,
Disp: 10, Rfl: 6
LISINOPRIL 40 MG ORAL TAB, Take 1 tablet orally 2 times a day, Disp:
200, Rfl: 6
HEPSERA 10 MG ORAL TAB, Take 1 tablet orally daily, Disp: 60, Rfl: 3
SOTALOL  80 MG ORAL TAB, Take 1 tablet orally 2 times a day, Disp:
200, Rfl: 3
FELODIPINE  5 MG ORAL 24HR SR TAB, Take 1 tablet orally daily, Disp:
100, Rfl: 3
GLYBURIDE 5 MG ORAL TAB, Take 1 tablet orally 2 times a day for
diabetes, Disp: 200, Rfl: 6
PREDNISONE  5 MG ORAL TAB, Take 1 tablet orally daily, Disp: 100,
Rfl: 6
OMEPRAZOLE 20 MG ORAL CPDR SR CAP, Take 1 capsule orally daily,
Disp: 100, Rfl: 3
ASPIRIN   81 MG ORAL TBEC DR TAB, 1 twice daily , Disp: 100, Rfl: 0
*EPIVIR 150 MG 1 A DAY*
You can try Comet cleanser for the toenails - make a paste and use
an old toothbrush to gently scrub the nails daily .


Fax 784-2767 for the disability letter




### Disposition

Routing History Recorded

## Appointment Information

| Future Appointments | Date | Time | Visit Type | Department | Provider | Length |
|---|---|---|---|---|---|---|
| | 5/31/07 | 11:00 AM | NO CHARGE | HAY-NEP2 >MAIN CAMPUS | LISKER, WESLEY H. (M.D.) | 30 |

1 268

CIGNA COMPANIES
P.O. BOX 22325
PITTSBURGH        PA 15222-0325

(2)

**Explanation Of Benefits**

Page      1

LIFE INSURANCE CO OF NORTH AMERICA

**CIGNA**

DEREK C BROWN
800-238-2125
Please direct any questions to the above analyst
Be sure to provide your account and ID numbers
in all letters and telephone calls

| | |
|---|---|
| Certholder | **ANDY E CHAN** |
| Claimant | **ANDY E CHAN** |
| ID# | Special ID# |
| Account Name | **FUJITSU BUSINESS** |
| | **COMMUNICATION SYSTEMS** |
| Account# | **5008844** |
| Policy | **GL  0013814**  Div  **000** |

IIhIIuIuhIhIuIIuIIuuIuIuIIuIIuuIuIuIuIuII
ANDY E CHAN                           P031
5955 CENTRAL AVENUE
NEWARK              CA 94560

| Benefit Type | Payment Period | Duration | Benefit Rate | Benefit Payable | Less Deduction |
|---|---|---|---|---|---|
| PERM TOTAL DISAB | 04/06/2007 - 05/05/2007 | 30 DAYS | 738.34/MO | 738.34 | .00 |

Deductions

TOTAL PAYMENT $    **738.34**

Messages

Payments Issued **04/27/2007**
**ANDY E CHAN**                **738.34**

Total amount paid to date, including taxes, for this claim is $    **105,325.98**    for the period   **05/06/1995**   thru   **05/05/2007**

G2014A (SRO Check Overlay) 6-11-2003

Detach on Perforation Below - Please Cash Promptly

8

**Derek Brown**
Case Manager
Life Claim Administration





**CIGNA**

May 2, 2007

Routing 250
P.O. Box 22326
Pittsburgh PA 15222-0326
Telephone 1-800-238-2125
Facsimile (412) 402-3506

Andy Chan
5955 Central Ave.
Newark, CA 94560

| RE: | **Claimant's Name:** | **Andy Chan** |
|---|---|---|
| | **Date of Birth:** | **07-02-1949** |
| | **Policy Number:** | **GL-13814** |
| | **Policyholder:** | **Fujitsu Business Communication** |
| | **Underwriting Company:** | **Life Insurance Company of North America** |

Dear Mr. Chan:

This letter is in reference to your claim for Total and Permanent Disability Benefits under the provisions of your Group Life Insurance plan with Fujitsu Business Communication.

Under the terms of your Group Life Insurance Policy, you may be eligible to receive the full amount of your Basic Life Insurance in yearly installments under the Permanent Total Disability provision. For the purpose of receiving benefits under this provision, the policy defines Total and Permanent Disability as follows:

"You are considered *Totally Disabled if*:

  A) You are completely unable to engage in any occupation or employment for which you are or may become qualified because of education, training or experience; and

  B) You are not engaged in any occupation or employment for remuneration or profit; or

  C) You have entire and irrecoverable loss of sight of both eyes or the use of both hands or both feet or of one hand and one foot."

"This coverage will end when any of these things happen:

  A) After you are no longer disabled.
  B) Failure to provide proof that you are disabled.

The following medical information has been received and reviewed in connection with your Waiver of Premium claim:

  • Dr. Bharadhwaj – Office notes for the period of November 21, 2005 through November 13, 2006.

  • Dr. Lisker – Attending Physicians Statement dated June 26, 2006.

  • Dr. Kenneth Hammerman – Independent Medical Evaluation and Physical Abilities Assessment Form dated March 23, 2007.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation  Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation  Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company

We have now completed our continued investigation of your claim for Total and Permanent Disability Benefits, and we regret to advise you that we are unable to give favorable consideration to the continuation of your claim based on the current medical documentation that we have on file.

According to your initial claim form, you stated that you ceased work on November 4, 1994 due to chronic renal failure.

We recently requested updated information regarding your continued disability. The above mentioned documentation was received from your treating physicians. This information was reviewed in its entirety in conjunction with your disability and the requirements of your policy through Fujitsu Business Communication. This information does not support a continued disability from any occupation as outlined in your policy.

We received a Disability Questionnaire from you dated July 27, 2006 which you self reported the ability to do the following activities:

- Cook 1 ½ hrs 4-6 days a week
- Clean 45-1 hr 1 day a week
- Shop 1-2 hrs 1 day a week
- Laundry 2 hrs 1 day a week
- Read 2 hrs 4-5 days a week
- Watch TV 1 ½ hrs 4-5 days a week
- Walks 45-1 hr 3-4 days a week for about 1 mile
- Other 1 hr (church) 1 day a week

You also indicated that you had no problem attending to yourself.

Based on the information received, our in-house nurse case manager reviewed your file and noted that the medical evidence received does not support the limitations and restrictions outlined by Dr. Lisker. It was noted that you had multiple medical conditions however they were treated and under control. Office notes did not support an impairment of no work at a sedentary level.

Based on the information received and the review of your file by our in-house Nurse Case Manager, it was determined that more information was required to determine what your functional abilities were. Therefore, we notified you of our decision to have you participate in an Independent Medical Evaluation on March 22, 2007.

Dr. Hammerman's conclusion from your Independent Medical Evaluation was that you had multiple medical problems. On exam you did demonstrate generalized weakness and walked slowly. You had minimal dyspneic on walking and were able to sit without difficulty. You were alert, oriented and quite cooperative through your interview and exam process. It was noted that you were mildly Cushingoid on exam secondary to your chronic steroid use and did have some evidence of some mild muscle atrophy. Dr. Hammerman stated, "In my opinion, because of his multiple medical problems and multiple medications, I would consider Mr. Chan physically impaired. He does exhibit significant generalized weakness, lack of stamina and dyspnea on exam. Please review the enclosed Physical Ability Assessment form for any restrictions and/or limitations."

Dr. Hammerman completed a Physical Abilities Assessment form which indicated throughout an 8-hour workday, you could tolerate with positional changes and meal breaks, the following activities for the specified duration:

### Occasionally (< 2.5 Hours) (1-33%)

*Standing, walking, lifting and carrying up to 10 pounds, pushing up to 10 pounds, pulling up to 10 pounds, climbing regular stairs and could use your lower extremities for foot controls.*

### Frequently (2.5 – 5.5) (34-66%)

*Sitting, reaching over head, desk level and below waist, firm grasp both right and left.*

### Continuously (5.5 + hours) (67 – 100%)

*Fine manipulation both right and left, simple grasp both right and left, seeing, hearing, smell and tasting.*

On April 18, 2007 we sent a fax to both Dr. Lisker and Dr. Bharadhwaj asking them to review the results of your Independent Medical Evaluation and provide comment on whether they agree or disagree with the findings. I asked them to please respond by April 25, 2007 and if they disagreed to please provide clinical documentation to support their disagreement. As of the date of this letter, we have yet to receive a response from your treating physicians.

Based on the aforementioned medical evidence, your education, and your work experience, a Transferable Skills Analysis was performed by a certified Vocational Rehabilitation Specialist. The Transferable Skills Analysis is a method of determining whether you can apply previously learned work skills and education to different but related occupations within your restrictions and limitations. This analysis yielded 6 occupations that would be compatible from an educational, vocational and medical standpoint. All of these jobs fell within the sedentary, medium and light duty job classifications. The following occupations were identified, as defined by the Dictionary of Occupational Titles*(D.O.T.):

| Occupational Title | D.O.T. Reference Number | Work Classification |
| --- | --- | --- |
| Customer Service Rep. | 239.362-014 | Sedentary |
| Protective-Signal Operator | 379.362-014 | Sedentary |
| Service Clerk | 221.367-070 | Sedentary |
| Order Clerk | 249.362-026 | Sedentary |
| Registration Clerk | 205.367-042 | Sedentary |
| Check Cashier | 211.462-026 | Sedentary |
| Telephone Solicitor | 299.357-014 | Sedentary |

*The Dictionary of Occupational Titles can be found in a local library.

The information we have received does not support your claim of total disability from any occupation. The above mentioned information indicates that you are capable of performing work within the sedentary and light duty classifications. The definitions of sedentary and light duty work according to the Dictionary of Occupational Titles are as follows:

Sedentary Work - Exerting up to 10 pounds of force occasionally (Occasionally; activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

Following the Transferable Skills Analysis, a Labor Market Survey was performed. This Labor Market Survey was conducted to determine if positions existed in your labor market within your work history, educational history and physical restrictions. There were 10 employers who were contacted and 8 employers had positions that met your work history, educational history and physical restrictions. Enclosed is a copy of the results of your Labor Market Survey.

Based on the medical records received and the assessment of our in-house Nurse Case Manager, it has been determined the information provided does not support and document that you are totally disabled from performing your occupation or any occupation for wage or profit, presumably for life as defined by your policy and outlined above. Therefore, we must regretfully advise you that we are unable to give favorable consideration to your claim.

If you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of receipt of this letter and should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.

You have the right to submit written comments as well as any new documentation you wish us to consider. If you have additional information, it should also be sent for further review to the address noted on this letterhead, within 180 days of receipt of this letter.

Additional information includes, but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc. These medical records should cover the period of November 2005, through the present.

You may also wish to have your physician(s) provide some or all of the following. Additional information includes but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc. These medical records should cover the period of November 2005 to the present. You may also wish to have your physician(s) provide some or all of the following:

- A narrative report from an appropriately specialized physician regarding any physical limitations. This should include a copy of office records for the period of September 2005 to the present; and/or

- Any medical tests or procedures from November 2005 to the present that indicate any additional abnormalities; and/or

- A complete copy of office records from your physician for the period of November 2005 to the present, including, but not limited to X-rays, CT Scans, EMG reports, positive physical exam findings, hospital records, consultation reports, physical therapy notes and treatment/progress notes; and or

- A copy of an Independent Medical Examination report from a qualified physician performed within the past year; and or

- Any other information, which you believe, would support your position of total disability from any occupation.

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter.

We realize there may be factors of which we are unaware, and if you feel this determination is incorrect, we will be pleased to review any evidence you may wish to submit which will support your claim.

You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office and your State insurance regulatory agency.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits.

Section 2695.7(B) of the regulations of the California Insurance Department requires that our company advise you that if you wish to take up this matter with the California Department of Insurance, you may contact them at:

**California Department of Insurance**
**Claims Services Bureau, 11th Floor**
**300 South Spring Street**
**Los Angeles, CA  90013**

**213.897.5961**
**or**
**1.800.927.HELP**

Under the terms of your Group Insurance contract, you have the right to convert all or part of the $53,600.48 to an Individual policy. We are enclosing a copy of the denial letter and an application, "Conversion of Group or Employee Life to an Individual Policy," that you must complete and send to **NEBCO** along with a check for your first premium at the address provided below within 31 days of the date of this letter. You are under no obligation to purchase this coverage. If you have additional questions about conversion, please call or write to:

**NEBCO**
**P O BOX 152501**
**Irving, TX 75015-2501**
**1.800.423.1282**

Please note: To ensure that you retain coverage, you must submit a copy of the waiver of premium denial letter, completed application and first premium within 31 days of the date of this letter, even if you submit an appeal of our claim decision. If your appeal is granted your conversion policy will be cancelled as of its effective date and any premium paid will be refunded. If you wait to apply for conversion until after the appeal process is completed, it is very likely that you will have missed the deadline for applying.

If you have already converted your coverage, you do not need to complete the application. Please contact **NEBCO** if the amount of coverage you converted does not match the amount offered for conversion in this letter.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Sincerely,

Derek Brown
Case Manager

# FILE COPY 

## The Permanente Medical Group, Inc.
### GREATER SOUTHERN ALAMEDA AREA
### HAYWARD & FREMONT MEDICAL CENTERS

| | | |
|---|---|---|
| Alameda | Martinez | Sacramento |
| Antioch | Milpitas | San Francisco |
| Campbell | Modesto | San Jose |
| Daly City | Mountain View | San Rafael |
| Davis | Napa | Santa Clara |
| Elk Grove | Novato | Santa Rosa |
| Fairfield | Oakland | Selma |
| Folsom | Park Shadelands | S Sacramento |
| Fresno | Petaluma | S. San Francisco |
| Gilroy | Pleasanton | Stockton |
| Hayward | Rancho Cordova | Tracy |
| Livermore | Redwood City | Vacaville |
| Manteca | Rohnert Park | Vallejo |
| | Richmond | Walnut Creek |
| | Roseville | |

**27400 HESPERIAN BOULEVARD**
**HAYWARD, CALIFORNIA 94545**

**39400 PASEO PADRE PARKWAY**
**FREMONT, CALIFORNIA 94538**

BARRY SCURRAN, D.P.M.
Physician-in-Chief

CALVIN WHEELER, M.D.
Physician-in-Chief

June 7, 2007

Mr. Derek Brown – Case Manager
Cigna – Life claim administration
Routing 250
P.O. Box 22326
Pittsburg, PA 15222-0326

RE: CHAN, ANDY
MR# 03940340
POLICY NO: GL-13814

Dear Mr. Brown:

This is in response to Mr. Andy Chan's recent letter from you of May 2, 2007, indicating that his disability claims have been terminated.

I received from you on or about April 18, 2007, a letter in which you asked me to review the independent medical evaluation done by Dr. Kenneth Hammerman. You asked that I review a copy of his evaluation to determine if I agreed or disagreed with the findings. If I did not agree, you requested I provide additional medical records, consultative reports, operative reports, hospital admissions and discharge summaries, chest x-rays, my results, and other therapy notes from January of 2006 to the present to support Mr. Chan's disability.

I reviewed Dr. Hammerman's note and made the following observations at that time.

Dr. Hammerman noted, "Mr. Chan has multiple medical problems. On exam, he did demonstrate generalized weakness. He walked slowly. He was minimally dyspneic on walking. He was able to sit without difficulty. He was alert and oriented and quite cooperative." Dr. Hammerman noted that Mr. Chan was mildly cushingoid, due to chronic steroid use and had evidence of mild muscle atrophy. In his opinion, Dr. Hammerman felt that Mr. Chan was physically impaired with signs of significant generalized weakness, lack of stamina, and dyspnea on examination. I believed this was sufficient evidence to vouch for his disability.

Included with Dr. Hammererman's letter was a physical ability assessment form, which I reviewed as well. This form had various boxes checked, may of which were on the far right. These checked boxes referred to "occasionally," which was further defined as "from 1-33% or less than 2.5 hours per day may be engaged in the activity."


**KAISER PERMANENTE®**



04604-114 (4-08)

June 7, 2007

RE:  CHAN, ANDY
MR#  003940340
Page  2

In my opinion, Mr. Chan is at the lower end of the "occasional" scale, and I would not recommend him standing or walking for 2.5 hours, based upon his medical condition. I also believe that Mr. Chan overestimated his ability to continuously do fine manipulation, simple grasps, and firm grasps, based upon the hours and the ranges that are listed under the notation "continuously and frequently."

He noted also that he could reach overhead for between 2.5 and 5.5 hours.  Again, I think he overestimated the amount of time he could do these activities and believe him to be seriously and permanently disabled.

I base my estimation of Mr. Chan's abilities on my experience taking care of transplantation patients for the last 23 years. Mr. Chan had a kidney transplant since 1998. As is typical for many patients with this lengthy duration of steroid treatment and exposure to chronic immunosuppressant medications, there is generalized weakness and poor stamina. Your assessment form does not clearly indicate the very lowest levels of the abilities of these patients, and makes me unable to agree with your assessment that the patient is still capable of any gainful employment.  Particularly, looking at the list of job descriptions, check cashier, telephone solicitor, registration clerk, up through customer service representative, I believe that, and felt Dr. Hammerman agreed, that Mr. Chan is disabled and cannot function in these roles.

Again, in referencing Dr. Hammerman's opinion, I believed at the time that I received the letter that Mr. Chan would be considered to be totally disabled based upon my reading of Dr. Hammerman's assessment.  I had no reason to suspect that the data available on the entirely subjective physical ability assessment form would be used to keep Mr. Chan from continuing to receive deserved benefits for disability.  I believe that the physical ability assessment form has overrated Mr. Chan's ability.  I strongly disagree with the findings that you have made with respect to Mr. Chan's disability determination.

I would appreciate your attention to Mr. Chan's situation and respectfully request that you reconsider your decision.

Sincerely,

Wesley Lisker, MD
Department of Nephrology

WL:km



**Derek Brown**
Case Manager
Life & Accident Claim Services





July 2, 2007

Routing 250
P.O. Box 22326
Pittsburgh PA 15222-0326
Telephone 1-800-238-2125
Facsimile (412) 402-3506

Andy Chan
5955 Central Ave.
Newark, CA 94560

RE:    **Claimant's Name:**    **Andy Chan**
        **Date of Birth:**       **07-02-1949**
        **Policy Number:**     **GL-13814**
        **Policyholder:**        **Fujitsu Business Communications**
        **Underwriting Company:** **Life Insurance Company of North America**

Dear Mr. Chan:

We are in receipt of your request for review of the denial of your claim for Total & Permanent Disability benefits which was denied on May 2, 2007.

We will review your claim and you will be notified as soon as a decision is made. If you wish to submit new or additional medical documentation to support the appeal of your claim, we would be more than happy to include it in our review. Please be advised that if we do not receive any new or additional information within 30 days, we will review your file and render a decision on your appeal based on the information currently in your file.

Under normal circumstances, you will be notified of the decision within 30 days from the date the appeal is received. If additional time is needed, we will notify you of the reason for the delay. Please be aware that as part of the appeals process, you may have access to information relevant to your claim, which will be provided to you upon request free of charge.

We will contact you if any additional information from you is required. Should you have any questions, you can reach our office at 1.800.238.2125.

Sincerely,

Derek Brown
Case Manager

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

**Jeff Vaupel**
Technical Specialist
Life & Accident Claim Services





**CIGNA** Group Insurance
Life · Accident · Disability

August 22, 2007

Routing  250
P.O. Box 22326
Pittsburgh, PA 15222-0326
Telephone  1-800-238-2125
Facsimile  (412) 402-3506

ANDY CHAN
5955 CENTRAL AVENUE
NEWARK, CA 94560

RE:  **Claimant's Name:        Andy Chan**
     **Date of Birth:            July 2, 1949**
     **Policy Number:           GL-13814**
     **Policyholder:            Fujitsu Business Communications**
     **Underwriting Company: Life Insurance Company of North America**

Dear Mr. Chan:

We are writing in reference to your appeal for Permanent Total Disability benefits under your Group Life Insurance policy through Fujitsu Business Communications and Life Insurance Company of North America.

According to the terms of your policy, total disability for the purpose of permanent total disability benefits is defined as follows:

**Totally Disabled**

*"The covered employee will be considered Totally Disabled if:"*

   a) *he is completely unable to engage in any occupation or employment for which he is or may become qualified because of education, training or experience; and*
   b) *he is not engaged in any occupation or employment for remuneration or profit; or*
   c) *he has entire and irrecoverable loss of sight of both eyes or the use of both hands or both feet or of one hand and one foot."*

As you are aware, your claim was denied based on the medical information not supporting continued total disability as defined above. As indicated, to be considered totally disabled for the purpose of filing for permanent total disability benefits under your policy, the medical evidence submitted must support and document that you are completely unable to engage in any occupation or employment for which you are or may become qualified because of education, training or experience, you are not engage in any occupation or employment for remuneration or profit, or have suffered an entire and irrecoverable loss of sight in both eyes, use of both hands, use of both feet or the use of one hand and one foot. For a detailed explanation of our reasons for denying your claim, please refer to our letter dated May 2, 2007.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidaries of CIGNA Corporation   Products and services are provided by operating subsidaries and contracted companies and not by CIGNA Corporation   Operating subsidaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company

Andy Chan
August 22, 2007
Page 2

Our letter dated May 2, 2007 advised you of our decision to deny your application for permanent total disability benefits as described above. Furthermore, our letter advised you that if you wished to request a review of this determination, you would need to make this request to Life Insurance Company of North America in writing and submit medical documentation to support a condition of Total Disability as defined by your policy. You were advised that this evidence should include, but is not limited to:

❑ A narrative report from an appropriately specialized physician regarding any physical limitations. This should include a copy of office records for the period of November 2005 to the present; and/or
❑ Any medical tests or procedures from November 2005 to the present that indicate any additional abnormalities; and/or
❑ A complete copy of office records from your physician for the period of November 2005 to the present, including, but not limited to, X-rays, CT Scans, EMG reports, Positive physical exam findings, hospital records, consultation reports, physical therapy notes and treatment/progress notes; and/or
❑ A copy of an Independent Medical Examination report from a qualified physician performed within the past year; and/or
❑ Any other information, which you believe, would support your position of total disability from any occupation.

We received notice of your intention to appeal the decision on your claim and the following documentation submitted for our consideration:

• Narrative letter from Dr. Wesley Lisker dated June 7, 2007

We have thoroughly reviewed the information submitted with your appeal, as well as your entire claim and have rendered a decision based on the information contained within your file.

As you are aware, your claim was denied when it was determined that the medical evidence submitted for our consideration did not support that you are totally disabled as defined under the terms of your policy. More specifically, that the medical information provided supported that you retained the ability to function in a sedentary work capacity as defined by the Dictionary of Occupational Titles (DOT) and because you have the transferable skills necessary to perform within this level of activity.

On March 23, 2007, you underwent an Independent Medical Examination with Dr. Kenneth Hammerman. Based on this examination, Dr. Hammerman completed a physical ability assessment form. On this form, it was noted that with consideration of your diagnosis and symptoms, you are capable of performing the following in an 8-hour workday:

| | |
|---|---|
| Sitting | Frequently |
| Standing | Occasionally |
| Walking | Occasionally |
| Reaching (overhead) | Frequently |

Andy Chan
August 22, 2007
Page 3

| | |
|---|---|
| Reaching (desk level) | Frequently |
| Reaching (below Waist) | Frequently |
| Fine Manipulation (bilaterally) | Continuously |
| Simple Grasp (bilaterally) | Continuously |
| Firm Grasp (bilaterally) | Frequently |
| Lifting (up to 10 lbs.) | Occasionally |
| Carrying (up to 10 lbs.) | Occasionally |
| Pushing (up to 10 lbs.) | Occasionally |
| Pulling (up to 10 lbs.) | Occasionally |
| Climbing (regular stairs) | Occasionally |

For your reference, continuously, frequently and occasionally were quantified on this form as follows; continuously (67-100%), frequently (34% to 66%) and occasionally (0% to 33%).

Given the medical restrictions and limitations that were outlined by Dr. Hammerman and are supported by the medical evidence on file, we conducted a Transferable Skills Analysis. A Transferable Skills Analysis is a method of determining whether you can apply previously learned work skills and education to different but related occupations within your restrictions and limitations. The following positions were identified as especially well suited for you:

| **Occupational Title** | **DOT#** |
|---|---|
| Customer Service Representative | 239.362-014 |
| Protective-Signal Operator | 379.362-014 |
| Service Clerk | 221.367-070 |
| Order Clerk | 249.362.026 |
| Registration Clerk | 205.367-042 |
| Check Cashier | 211.462-026 |
| Telephone Solicitor | 299.357-014 |

We would like to note that the Transferable Skills Analysis was performed by a Certified Vocational Rehabilitation Consultant and that the above occupations are outlined in the Dictionary of Occupational Titles and can be referenced by the number outlined above. In addition, we would also note that the above outlined are not inclusive of all suitable positions identified in the Transferable Skills Analysis.

The positions outlined above are within the sedentary and light job classification as outlined in the Dictionary of Occupation Titles. For your reference, the Dictionary of Occupational Titles defines sedentary work as follows:

Sedentary Work:- Exerting up to 10 pounds of force occasionally (Occasionally; activity or condition exists up to 1/3 of the time) and/or negligible amount of force frequently (Frequently; activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

20

Andy Chan
August 22, 2007
Page 4

Again, we would like to note that the positions outlined in the transferable skills analysis are consistent with the physical abilities and restrictions outlined and are within the sedentary and light job classification as outlined in the Dictionary of Occupation Titles.

To complete our evaluation, we conducted a Labor Market Survey to determine if the occupations identified in the Transferable Skills Analysis were available within your geographic area. The Labor Market Survey identified job openings and verified existing positions within your geographic area. These positions are well within your past work experience and educational level. The positions identified are as follows:

| | |
|---|---|
| Position: | Telemarketer |
| Employer: | Cornerstone Funding |
| | |
| Position: | Dispatcher |
| Employer: | First Alarm |
| | |
| Position: | Customer Service |
| Employer: | Jenny Craig |
| | |
| Position: | Customer Service-Concierge |
| Employer: | BMW of San Francisco |
| | |
| Position: | Customer Care Representative |
| Employer: | Dynamic Staffing |
| | |
| Position: | Call Center Representative |
| Employer: | Alkar Human Resources |

We would again like to note that the Labor Market Survey was performed by a Certified Vocational Rehabilitation Consultant. In addition, the positions outlined above in the Labor Market Survey are within the sedentary classification as outlined in the Dictionary of Occupation Titles.

Submitted for our consideration of your claim was a narrative letter dated June 7, 2007 from Dr. Wesley Lisker. In his letter, Dr. Lisker indicates that he was responding to our April 18, 2007 letter asking him to review the independent medical examination report of Dr. Hammerman. For your reference, our April 18, 2007 letter asked Dr. Lisker to review the report of Dr. Hammerman and provide an indication as to whether he agreed or disagreed with the findings. In addition, we advised Dr. Lisker that if he disagreed with the report of Dr. Hammerman, to provide medical evidence in support his position which should include, but is not limited to: medical records, consultative reports, operative reports, hospital admissions and discharge summaries, chest x-rays, and other therapy notes.

Dr. Lisker indicates in his letter that he has reviewed the independent medical examination report and noted the following assessment provided by Dr. Hammerman:

Andy Chan
August 22, 2007
Page 5

*"Mr. Chan has multiple medical problems. On exam he did demonstrate generalized weakness. He walked slowly. He was minimally dyspneic on walking. He was able to sit without difficulty. He was alert and oriented and quite cooperative through the interview and exam process.*

*Mr. Chan is mildly Cushingoid on exam secondary to his chronic steroid use and does have some evidence of some mild muscle atrophy.*

*In my opinion, because of his multiple medical problems and multiple medications, I would consider Mr. Chan physically impaired. He does exhibit significant generalized weakness, lack of stamina, and dyspnea on exam. Please review the enclosed Physical Ability Assessment form for any restrictions and/or limitations."*

Upon his review of Dr. Hammerman's comments, Dr. Lisker indicates that he believes that this is sufficient evidence to vouch for your continued total disability. In considering Dr. Lisker's comments, we acknowledge that Dr. Hammerman has stated that you are physically impaired. However,  Dr. Hammerman goes on to further quantify your physical impairments by outlining your specific restrictions and/or limitations on the Physical Abilities Assessment form completed on March 23, 2007.  Upon review of the specific restrictions and/or limitations outlined, we have determined that you retain the functional ability necessary to perform employment within the sedentary duty demand level as defined by The Dictionary of Occupation Titles.

Dr. Lisker's letter of June 7, 2007 goes on to comment on the physical abilities assessment form completed by Dr. Hammerman. More specifically, Dr. Lisker stated the following:

*"In my opinion, Mr. Chan is at the lower end of the "occasional" scale, and I would not recommend him standing or walking for 2.5 hours, based upon his medical condition. I also believe that Mr. Chan overestimated his ability to continuously do fine manipulation, simple grasps, and firm grasps, based upon the hours and the ranges that are listed under the notation "continuously and frequently.*

*He noted also that he could reach overhead for between 2.5 and 5.5 hours. Again, I think he overestimated the amount of time he could do these activities and believe him to be seriously and permanently disabled."*

Dr. Lisker goes on to further explain he has based his estimation of your abilities on his experience taking care of transplant patients. Dr. Lisker indicates that as is typical for many patients with a lengthy duration of steroid treatment and exposure to chronic immunosuppressant medication, there is generalized weakness and poor stamina. He also states that the physical abilities assessment form does not clearly indicate the very lowest levels of your abilities and therefore, he is unable to agree with the assessment that you are capable of any gainful employment. Dr. Lisker concludes that he believes that the physical abilities assessment form has overrated your abilities, and therefore strongly disagreed with the findings made in reference to your disability determination.

Andy Chan
August 22, 2007
Page 6

While we acknowledge the opinion and conclusions noted by Dr. Lisker concerning your
restrictions and limitations as they relate to your overall level of functioning, he did not
provide any supporting medical evidence, including clinical or diagnostic findings, on which
he relied upon in rendering these conclusions.

Our determination on your appeal is based on a clinical review of all your available office and
treatment records, as well as an assessment by our medical staff.  We appreciate and carefully
consider all medical opinions and we also appreciate Dr. Lisker's willingness to continue to be
supportive of your claim.  However, the clinical documentation fails to support a significant
physical condition to preclude you from engaging in any occupation or employment for
which you are or may become qualified based on your education, training or experience. The
evidence supports that while you do have a degree of physical impairment as identified by Dr.
Hammerman, it fails to support restrictions and/or limitations severe enough to support a
continuous and complete lack of work capacity.

Following a review of the medical evidence, we are unable to conclude that the diagnostic
testing, clinical examination findings, and other medical data support a degree of impairment
that would render you unable to engage in any occupation or employment for which you are
or may become qualified based on education, training or experience. More specifically, the
medical evidence supported, based on restrictions and limitations outlined by Dr.
Hammerman, that you retain the work capacity to perform in the sedentary demand level as
outlined by the Dictionary of Occupational Titles.

We have considered all of the medical information provided to date in conjunction with your
education, training, and past work experience in rendering our decision. In reviewing your
claim, Life Insurance Company of North America considered your claim file as a whole for the
purpose of determining your entitlement to benefits under the above referenced policy.

Please note that the above policy definition of "totally disabled" is not specific to your former
occupation or your former job with your former employer.  In order to be eligible for waiver of
premium, the above cited policy requires you are unable to engage in any occupation or
employment for which you are or may become qualified based on education, training or
experience. This definition of "totally disabled" would also necessitate the lack of capacity to
sustain even part-time or modified work.  Permanent total disability benefits are intended and
designed to be available to those individuals completely unable to sustain working in any
capacity.

We recognize that you may be unable to return to your past job and that the positions
identified are not available with the Fujitsu Business Communications. However, your policy
defines total disability as the inability to engage in any occupation or employment for which
you are or may become qualified based on education, training or experience. In considering
the terms of your policy, the medical evidence submitted supports that you are capable of
performing less demanding work, more specifically, sedentary work as defined by the
Dictionary of Occupational Titles. While the positions outlined in the transferable skills
analysis may not be available with the Fujitsu Business Communications, they are available
positions within the national economy.

Andy Chan
August 22, 2007
Page 7

Based on our review of your claim, we must advise you that our original decision denying benefits will remain unamended. The medical evidence supports that you retain the functional ability and transferable skills necessary to perform occupations as they are defined in the Dictionary of Occupational Titles. For this reason, you do not satisfy the definition of disability as it is defined in your policy and as explained to you in our letter dated May 2, 2007. We regret that our decision could not be more favorable on your claim.

Please be advised that you have exhausted all administrative levels of appeal with Life Insurance Company of North America and that no further appeals will be considered.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Sincerely,

Jeff Vaupel,
Technical Specialist

04/18/2007  09:53    412-402-3506    CIGNA WAIVER FAX





PAGE  01/09

## *Facsimile Transmission Cover Sheet*

| Transmit to FAX number | | Date | Total number of pages |
|---|---|---|---|
| 510-675-6701 | **1st request** | 04/18/07 | (including this sheet): |

**To:** Dr. Lisker

**Phone**
510-675-6700

**RECEIVED**

**APR 1 8 2007**

RECORDS RELEASE DEPT.
HAYWARD

**From:** Derek Brown

**Department/ Life and Accident Claim Services**

**Phone**

1800.238.2125 X3352 / Fax 412.402.3506

**Address**

CIGNA Group Insurance
P.O. Box 22326
Pittsburgh, PA 15222

| | |
|---|---|
| **Claimant Name:** | **Andy Chan** |
| **Date of Birth:** | **07-02-1949** |
| **Policy Number:** | **GL-13814** |
| **Policy Holder:** | **Fujitsu Business Communication** |
| **Underwriting Company:** | **Life Insurance Company of North America** |

Dear Dr. Lisker,

We are currently evaluating a benefit claim for the above named patient. We recently received results from an Independent Medical Evaluation that the above named patient took part in. We ask that you review the enclosed copy of this evaluation to determine if you agree or disagree with the findings. If you do not agree with the findings, we ask that you please provide medical records, consultation reports, operative reports, hospital admission and discharge summaries, test, x-rays, and lab results and therapy notes from **January 2006** to the **present**, to support your patient's disability.

In order to prevent any delay in the processing of your patient's claim, we would greatly appreciate your response by **April 25, 2007.** If we do not receive a response from your office by **April 25, 2007**, we will assume that you are in agreement with the findings in the Independent Medical Evaluation.

Thank you for your time and consideration in this matter. Should you have any questions, please feel free to contact me at my direct number 1800.238.2125 X 3352.

Sincerely,

*Derek Brown*

Waiver Claim Specialist

CONFIDENTIALITY NOTICE:  If you have received this facsimile in error, please immediately notify the sender by telephone at the number above.  The documents accompanying this facsimile transmission contain confidential information.  This information is intended only for the use of the individual(s) or entity named above.  Thank you for your compliance.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation.  Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation.  Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

F0020

**25**

**Kenneth J. Hammerman, M.D.**
Gastroenterology
2100 Webster Street
Suite 423
San Francisco, CA 94115

*3940340*

March 23, 2007

Cigna
1600 Gateway View Plaza, Suite 300
W. Carson Street
Pittsburgh, Pennsylvania 15219

Attention:  Ms. Jean Kozik-Kulis
            NCM

RE:  Mr. Andy Chan
     File #207020755
     Date of Incident:  November 4, 1995

Dear Ms. Kozik-Kulis:

At your request, Mr. Andy Chan was seen for an independent medical evaluation on March 22, 2007.

Prior to evaluation, it was explained to the examinee that this appointment was for purposes of evaluation only - not for care, treatment or consultation - and therefore, no doctor-patient relationship would result.  The examinee has also been advised that I am an independent doctor and have been requested to conduct this evaluation by the individual noted above.

HISTORY

Mr. Chan is a 57-year-old male disabled since 1994.  The patient has an extremely complex medical history with numerous medical problems consisting of the following:

1.  Renal failure secondary to polycystic kidney disease.  He developed progressive renal failure and was placed on dialysis in 1994.  In 1998 he had a renal transplant and has done generally well since. He remains on immunosuppressive therapy with prednisone 5 mg and Prograf .5 bid.  In December his BUN was 34 and his creatinine was 0.9.  He had some ongoing problems

MP#3940340

Page 2

RE:  Mr. Andy Chan
File #CHAN207020755

with edema.  He has not had any events related to
immunocompromise.

2.    In 2002, he developed diabetes.  He currently is on insulin NPH
12 units in the morning.  He does fractional blood sugars and
takes additional regular insulin based on blood sugars.  In
addition, he takes Glyburide 2.5 mg bid.  Other than possible
cataracts, there has been no known diabetic eye complication.
No neuropathy.  His last hemoglobin in December 2006, was 6.2%.

3.    Gout.  He has had multiple episodes of acute gout involving toe,
knee, heel, and elbow.  He takes colchicin on a daily basis.
Currently he is experiencing acute gouty flare on his right
elbow and has been advised to increase his Prednisone to 80 mg
per day.

4.    Chronic hepatitis B.  He was diagnosed with hepatitis B prior to
his transplant.  He had a liver biopsy in 1992 and another
biopsy in 1998.  He was initially placed on lamivudine and
developed resistance to lamivudine and was changed to Hepsera
and had been on Hepsera since his hepatitis B.  Viral DNA was
undetectable in December and in December his AST was 15 and ALT
was 14.

5.    Atrial fibrillation.  He has atrial fibrillation.  He is on
Sotalol for rate control.  He was on Coumadin but apparently
after trying for several months his pro time could not be
stabilized.  Coumadin was discontinued and he is now on aspirin
alone.  He does have chronic edema, which varies.  He has no
complaints of chest pain.

6.    Hypertension.  He is hypertensive.  He currently takes
Lisinopril 40 mg bid and Norvasc 5 mg daily.

7.    Duodenal carcinoid.  He underwent an endoscopy for dyspepsia in
approximately 2004 and was felt to have a carcinoid in his
duodenum.  This was followed periodically with endoscopy and he
had an endoscopic ultrasound and in November 2006 had mucosal
resection.  His last endoscopy in December showed a small polyp
lesion of the duodenum, which was biopsied.  No carcinoid tumor
was identified on the pathology.  He has never had symptoms of
carcinoid syndrome such as flushing or diarrhea.  His plan is to
have another endoscopy soon.  He has no complaints of nausea,
vomiting and swallows without difficulty.  No problems with

27

MR# 03940340

Page 3

RE:  Mr. Andy Chan
File #CHAN207020755

> bowels other than some occasional constipation.  No abdominal
> pain and no bleeding.  His medical history is otherwise
> remarkable for pneumonia.  No other surgeries, no injuries and
> no allergies.  Current medications are as noted above.

## SOCIAL AND PERSONAL HISTORY

*He is married.*

He formerly worked as a computer equipment installer for Fujitsu.  He
held this position from 1978 to 1994.  He has been on disability
since 1994.

He does not smoke.  He drinks alcohol rarely.

He is active in his church, reads and does some minimal work around
the house helping his wife who still works.  He does some shopping,
cooking and light cleaning.

## FAMILY HISTORY

Non-contributory.

## REVIEW OF SYSTEMS

Weight is stable.  No chills, fevers.

## Central Nervous System

He recently developed some headaches.  As noted above his cataract
extraction will be pending in the not so distant future.  No focal
neurologic episodes.  No CVA.

## Respiratory

Some dyspnea on exertion.  No chest pain.

## Cardiac

See present illness.

## GI

See present illness.

Page 4

RE:  Mr. Andy Chan
File #CHAN207020755

<u>GU</u>

See present illness.

<u>Musculoskeletal</u>

See present illness.

MR# 3940340

<u>Skin</u>

Negative.

<u>PHYSICAL EXAMINATION</u>

On physical exam, his blood pressure was 150/96.  Heart rate was
irregular at 90 to 100.  He was afebrile.  Respirations 20.  Head was
unremarkable.  Eyes: conjunctiva and sclera clear.  Fundi:  Not well
seen due to bilateral cataracts.  Ears:  Canals and tympanic
membranes clear.  Oral cavity was negative.  Neck was supple and no
jugular venous distention.  Carotids are 2+.  Trachea midline.
Thyroid is not palpable.  No lymphadenopathy.  Chest was clear.
Cardiac exam unremarkable, except for rate and rhythm.  Abdomen was
soft and non-tender.  I could not feel the liver or spleen.  There
was a well-healed surgical scar in the lower abdomen and palpable
renal explant in the right lower quadrant.  There was no bruit over
the kidney.  Extremities showed intact peripheral pulses.  There was
1+ edema with mild stasis change.  The skin showed no rashes.  Major
joints:  Right elbow was tender, red, inflamed consistent with acute
gout.  The skin showed no focal lesions.  Neurologic:  Cranial nerve
function and motor function, deep tendon reflexes intact.

<u>DIAGNOSTIC STUDIES</u>

No diagnostic studies were requested.

<u>DIAGNOSES</u>

1.   Polycystic Kidney Disease, Status Post Renal Transplant in 1998.

2.   Diabetes Mellitus, insulin dependent.

3.   Recurrent Acute Gout.

MJP# 3940340

Page 5

RE:  Mr. Andy Chan
File #CHAN207020755

4.   Chronic Hepatitis B.

5.   Chronic Atrial Fibrillation.

6.   Hypertension.

7.   Status Post Resection of Duodenal Carcinoid.

### REVIEW OF RECORDS

Medical records reviewed include records from Kaiser Hospital in
Fremont. Laboratory data was as quoted above and diagnoses and
medications are as noted above.  As noted above, data from Kaiser
records was consistent with that reported by Mr. Chan.

### OPINION

Mr. Chan has multiple medical problems. On exam he did demonstrate
generalized weakness. He walked slowly. He was minimally dyspneic
walking. He was able to sit without difficulty.  He was alert and
oriented and quite cooperative through the interview and exam
process
Mr. Chan is mildly Cushingoid on exam secondary to his chronic
steroid use and does have some evidence of some mild muscle atrophy.

In my opinion, because of his multiple medical problems and multiple
medications, I would consider Mr. Chan physically impaired. He does
exhibit significant generalized weakness, lack of stamina, and
dyspnea on exam. Please review the enclosed Physical Ability
Assessment form for any restrictions and/or limitations.

Thank you for allowing me to evaluate Mr. Andy Chan.  If you have
further questions, please do not hesitate to contact me.

I declare that the information contained within this document was
prepared and is the work product of the undersigned, and is true to
the best of my knowledge and information.

POOR ORIGINAL

30

Page 6

RE: Mr. Andy Chan
File #CHAN207020755

Sincerely,

Kenneth J. Hammerman, M.D.

Dictated, reviewed, and opinion verified.

KJH/et

04/18/2007  09:50    412-402-3506          CIGNA WAIVER FAX                PAGE  08/09

## Physical Ability Assessment Form

CIGNA Group Insurance
Life ◆ Accident ◆ Disability
Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York



CIGNA

We are evaluating your patient's disability claim in order to determine functional impairment. Please check the boxes corresponding to the patient's level of physical functioning.    Please substantiate your findings with medical documentation. (Failure to provide the requested reports / data may result in delay in claim determinations).

Patient Name _Andy Chan_                          Date of Birth _7 / 2 / 49_

Diagnosis(es)/ICD-9 Code _____

*Throughout an 8-hour workday, the patient can tolerate, with positional changes and meal breaks, the following activities for the specific durations:*

|  |  | Not applicable to diagnosis(es) | Continuously (67 - 100%) (5.5 + hrs) | Frequently (34 - 66%) (2.5 - 5.5 hrs) | Occasionally (1 - 33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|---|
| Sitting: |  |  |  | ✓ |  |  |
| Standing: |  |  |  |  | ✓ |  |
| Walking: |  |  |  |  | ✓ |  |
| Reaching: | Overhead |  |  | ✓ |  |  |
|  | Desk Level |  |  | ✓ |  |  |
|  | Below Waist |  |  | ✓ |  |  |
| Fine Manipulation: | Right: |  | ✓ |  |  |  |
|  | Left: |  | ✓ |  |  |  |
| Simple Grasp: | Right: |  | ✓ |  |  |  |
|  | Left: |  | ✓ |  |  |  |
| Firm Grasp: | Right: |  |  | ✓ |  |  |
|  | Left: |  |  | ✓ |  |  |
| Lifting: | 10 lbs. |  |  |  | ✓ |  |
|  | 11 - 20 lbs. |  |  |  |  |  |
|  | 21 - 50 lbs. |  |  |  |  |  |
|  | 51 - 100 lbs. |  |  |  |  |  |
|  | 100+ lbs. |  |  |  |  |  |
| Carrying: | 10 lbs. |  |  |  | ✓ |  |
|  | 11 - 20 lbs. |  |  |  |  |  |
|  | 21 - 50 lbs. |  |  |  |  |  |
|  | 51 - 100 lbs. |  |  |  |  |  |
|  | 100+ lbs. |  |  |  |  |  |

_Andy Chan_
_MR# 03940 340_

| | Not applicable to diagnosis(es) | Continuously (67 - 100%) (6.5 + hrs) | Frequently (34 - 66%) (2.5 - 5.5 hrs) | Occasionally (1 - 33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|
| Pushing          (Max. Wt: _10_ ) | | | | ✓ | |
| Pulling:         (Max. Wt: _10_ ) | | | | ✓ | |
| Climbing:    Regular Stairs | | | | ✓ | |
| Regular Ladders | | | | | |
| Balancing: | | | | — | |
| Stooping: | | | | — | |
| Kneeling: | | | | — | |
| Crouching: | | | | — | |
| Crawling: | | | | — | |
| Seeing: | | ✓ | | | |
| Hearing: | | ✓ | | | |
| Smell/Taste: | | ✓ | | | |
| Enviromental Conditions: Exposure to extremes in heat | | | | | |
| Exposure to extremes in cold | | | | | |
| Exposure to wet / humid conditions | | | | | |
| Exposure to vibration: | | | | | |
| Exposure to odors / fumes / particles | | | | | |
| Can work around machinery | | | | | |
| Ability to work extended shifts / overtime: | | | | | |
| Use lower extremities for foot controls | | | | ✓ | |

Please use this space to elaborate on ANY of the above categories:

_____

_____

Name: KENNETH J. HAMMERMAN*        Signature: _____

Medical Specialty: Gastroenterology        Date: 3/22/07  4/5 - 923  3/22

Address: 2180 Webster St #423        Phone: 4/5 - 923  3/22

Feaderal ID Tax Number: 94-120 6576

**Please include any objective test or narrative if available**
**Thank you for your time.**

Please return this form in the enclosed addressd envelope.

Andy Chan
MD # 03 940 340