1   ADRIENNE C. PUBLICOVER (State Bar No. 161432)
    DENNIS J. RHODES (State Bar No. 168417)
2   WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, California 94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
    Attorneys for Defendants
6   LIFE INSURANCE COMPANY OF
    NORTH AMERICA; and FUJITSU
7   BUSINESS COMMUNICATION
    SYSTEMS, INC. LONG TERM
8   DISABILITY PLAN

9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13  ANDY E. CHAN,                        )  Case No.:      CV07-06214 WHA
                                         )
14          Plaintiff,                   )  **DEFENDANT'S SUBMISSION RE**
                                         )  **REQUEST FOR RESPONSE TO**
15      v.                               )  **PLAINTIFF'S REQUEST FOR LEAVE TO**
                                         )  **CONDUCT DISCOVERY**
16  LIFE INSURANCE COMPANY OF            )
    NORTH AMERICA; and FUJITSU           )
17  BUSINESS COMMUNICATION               )
    SYSTEMS, INC. LONG TERM              )
18  DISABILITY PLAN,                     )
                                         )
19          Defendants.                  )
                                         )
20

21                  A.    **INTRODUCTION**

22          Defendants Life Insurance Company of North America ("LINA") and Fujitsu Business

23  Communication Systems, Inc. Long Term Disability Plan hereby respond to the Court's order of

24  August 1, 2008.  As will be explained in detail below, there is no need for discovery in this matter

25  and plaintiff's request for leave to conduct same should be denied.

26

27                                          1

1

### B.    SUMMARY OF ARGUMENT

A primary goal of ERISA is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1472 (9th Cir. 1993). This goal is frustrated by allowing far reaching discovery. *Newman v. Standard Ins. Co.,* 997 F. Supp. 1276, 1281 (C.D. Cal. 1998). Therefore, allowing discovery is the exception, not the rule. *Steiner v. Hartford Life & Accident Ins.,* 2004 U.S. Dist. LEXIS 20022 *11 (N.D. Cal. 2004). Plaintiff's request for leave to conduct discovery is based on a belief that the matter is to be reviewed under the arbitrary and capricious standard. According to plaintiff, he believes he is entitled to discovery based on a presumed conflict of interest. However, here the request is moot because the standard of review is de novo.

### C.    THE ADMINISTRATIVE RECORD

LINA has produced the entire administrative record under Federal Rule of Civil Procedure 26. The Administrative record is 473 pages and contains numerous reports and reviews. It contains the documentation submitted by plaintiff in support of his claim and in support of his appeals of the denial of the claim. Furthermore, plaintiff does not contend that documents are missing from the Administrative Record.

### D.    LEGAL ARGUMENT

**1.    Overview**

Plaintiff argues that there is a need for discovery. However, evidence outside of the administrative record is admissible at trial only if the District Court concludes, in its discretion, that circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision. Plaintiff has failed to demonstrate why the District Court cannot conduct an adequate review on the administrative record in this action.

Plaintiff cannot meet this burden because the de novo standard is the standard of review in this matter. In addition, plaintiff has not demonstrated why discovery is necessary for the District

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT DISCOVERY**
USDC NDCA Case # CV07-06214 WHA
369881.1

1  Court to have to conduct an adequate de novo review. Finally, plaintiff ignores the fact that the

2  District Court, not plaintiff or his counsel, decides if the administrative record is inadequate and

3  further decides what information is required to perform an adequate de novo review.

4  **2.     Discovery Defeats a Goal of ERISA of Inexpensive Dispute Resolution**

5       A primary goal of ERISA is to provide a method for workers and beneficiaries to resolve

6  disputes over benefits inexpensively and expeditiously. *Taft v. Equitable Life Assurance Soc'y,*

7  *supra,* 9 F.3d at 1472, quoting *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377, 380

8  (10th Cir. 1992). Allowing the far-reaching discovery completely frustrates this purpose.

9  *Newman v. Standard Ins. Co.*, *supra,* 997 F. Supp. at 1281. This purpose of ERISA is defeated by

10  discovery.

11  **3.     Review under the De Novo Standard**

12       The standard of review in this matter is de novo. On de novo review, the court's only task

13  is to evaluate whether the plan administrator correctly or incorrectly denied benefits. *Abatie v.*

14  *Alata Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006); *Opeta v. Northwest Airlines*

15  *Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. May 2007); *Gardner v. Bear Creek Corp.*, 2007 U.S.

16  Dist. LEXIS 58615, *52 (N.D. Cal. 2007).

17  **4.     Plaintiff's Discovery is not Proper under De Novo Review**

18       The issue in this matter is whether plaintiff can conduct discovery. This issue is properly

19  decided by analyzing the cases that discuss the type of additional evidence that can be considered

20  by the District Court and under what circumstances this evidence can be considered.

21       Generally, "[w]here there was a sufficiently developed record before the plan

22  administrator the court should not review documents not submitted to the plan administrator prior

23  to its decision" *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, *supra*, 46 F.3d

24  at 943; *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003) ("Even

25  where de novo review exists under ERISA, it is at least doubtful that courts should be in any

26

---

3

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S**
**REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

27

28

1   hurry to consider evidence or claims not presented to the plan administrator.") See, e.g.,

2   *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1026-1027 (4th Cir. 1993); *Franz*

3   *v. New Eng. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 5 *11 (ND Oak. 2007) ("Thus, it is not a given

4   that discovery will be allowed or extrinsic evidence considered in all de novo cases."); *Fisher v.*

5   *Anderson Behel Stevens Creek Porsche Audi*, 2006 U.S. Dist. LEXIS 41755 *2-*3 (ND Cal.

6   2006) ("Because review is primarily limited to the administrative record, and because a primary

7   goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over

8   benefits inexpensively and expeditiously, permitting discovery is rarely appropriate in cases such

9   as this. (Internal Quotes omitted).")

10          According to the court in *Mongeluzo, supra*, 46 F.3d at 943, "new evidence may be

11   considered under certain circumstances to enable the full exercise of informed and independent

12   judgment"   The *Mongeluzo* court concluded that:

13                 We . . . believe that the purposes of ERISA . . . warrant significant
                   restraints on the district court's ability to allow evidence beyond what was
14                 presented to the administrator. In our view, the most desirable approach to
                   the proper scope of de novo review under ERISA is one which balances
15                 the multiple purposes of ERISA. Consequently, we adopt a scope of
                   review that permits the district court in its discretion to allow evidence that
16                 was not before the plan administrator. The district court should exercise its
                   discretion, however, only when circumstances clearly establish that
17                 additional evidence is necessary to conduct an adequate de novo review of
                   the benefit decision. In most cases, where additional evidence is not
18                 necessary for adequate review of the benefits decision, the district court
                   should only look at the evidence that was before the plan administrator . . .
19                 at the time of the determination.

20   *Id.* at 943-944.

21          Discussing the holding in *Mongeluzo*, the court in *Kearney v. Standard Ins. Co.*, 175 F.3d

22   1084, 1091 (9th Cir. 1999) concluded that: "[t]hough we allowed consideration of additional

23   evidence because of *circumstances peculiar to that case*, we emphasized that 'a district court

24   should not take additional evidence merely because someone at a later time comes up with new

25

26

27   <div style="text-align:center">4</div>

     **DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S**
     **REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

28   USDC NDCA Case # CV07-06214 WHA
     369881.1

1    evidence' and 'in most cases' only the evidence that was before the plan administrator should be

2    considered (emphasis added) (quoting *Mongeluzo*)." The court in *Kearney* went on to say that:

> On appeal, Mr. Kearney argues that the district court ought to have taken additional evidence regarding the medical relationship between his cardiac condition and his cognitive ability. But the brief does not say what new evidence, nor was any specific new evidence proposed to the district court. *The argument is merely a suggestion that the door be opened to whatever new evidence might be developed.* But Kearney does not argue that we should reexamine Mongeluzo. Starting the evidence over from scratch would be contrary to Mongeluzo.[1]

*Id.* at 1091.

     Recently, in *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. May 2007), the court affirmed that the strict standards in *Mongeluzo* and *Kearney* still apply:

> In Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, we resolved the question of the scope of review that a district court may employ upon de novo review of a plan administrator's decision. 46 F.3d 938, 943-44 (9th Cir. 1995). Agreeing with the Third, Fourth, Seventh, Eighth, and Eleventh Circuits, we held that extrinsic evidence could be considered only under certain limited circumstances. Id. We cited with approval the rule of the Fourth Circuit that the district court should exercise its discretion to consider evidence outside of the administrative record "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'" Id. at 944 (quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc) (emphasis added). We emphasized that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence" and that "[i]n most cases" only the evidence that was before the plan administrator at the time of determination should be considered.

     By strictly limiting the admission of evidence that is outside of the administrative record in this fashion, the goal of preserving an inexpensive procedure for the resolution of disputes is accomplished. *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1202 (10 Cir. 2002) ("By strictly limiting the circumstances in which supplementary evidence may be presented, the risk of

---

[1]     The Court in *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1203 (10 Cir. 2002) concluded that: "We emphasize that it is the unusual case in which the district court should allow supplementation of the record. (cite omitted). The party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review.

<center>5</center>

<center>**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY**</center>

USDC NDCA Case # CV07-06214 WHA
369881.1

1    increasing decision costs--and of deterring employers from providing pension and benefit plans to

2    their employees--is controlled.")

3         Therefore, in ERISA matters with de novo review, allowing discovery is the exception,

4    not the rule. *Steiner v. Hartford, supra,* 2004 U.S. Dist. LEXIS at *11. In applying these

5    standards, the court in *Mongeluzo* authorized the District Court to take additional evidence to

6    determine if chronic fatigue syndrome provided an explanation for plaintiff's disability. This was

7    authorized because the district court applied an incorrect definition and "[t]hus, the change in the

8    posture of the case, occasioned by the narrow definition of "mental illness," justifies the taking of

9    additional evidence." *Mongeluzo, supra,* 46 F.3d at 944. In *Kearney*, the court concluded that the

10   district court did not abuse its discretion by excluding from evidence pages from an occupational

11   handbook describing the job duties of a trial lawyer and excluding additional medical evidence.

12        Here, plaintiff cannot meet the strict standards articulated in *Mongeluzo* and *Kearney*.

13   According to plaintiff, the discovery seeks information concerning the credibility of health care

14   and vocational professionals, the accuracy of their reports, and their claimed bias.

15        Finally, the applicable standard is whether the information sought by plaintiff's discovery

16   is clearly necessary for the District Court to perform an adequate review. In common law breach

17   of contract actions, evidence of the expertise of the physicians, or deposition testimony from the

18   health care providers explaining their opinions, often is relevant and appropriate for the district

19   court to consider. However, the fact that this information may be relevant does not mean the

20   information is clearly necessary for an adequate review. In *Opeta v. Northwest Airlines Pension*

21   *Plan, supra,* 484 F.3d at 1218, the Ninth Circuit held that the District Court abused its discretion

22   in admitting deposition testimony and documents that were not part of the administrative record.

23   The court concluded that "[t]he district court also abused its discretion by admitting the testimony

24   of Dr. Gold, Dr. Mealer, Opeta, and the videographer because the circumstances did not establish

25   that the additional evidence was necessary for the court to conduct an adequate de novo review."

26

27   <center>6</center>

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

28   USDC NDCA Case # CV07-06214 WHA
369881.1

1  *Id.* at 1219.  The court went on to conclude that:  "under *Mongeluzo*, that the district judge 'would

2  feel much better' if Dr. Gold testified and that he 'had never heard of a trial [without] witnesses'

3  is insufficient to warrant additional evidence (quoting the trial transcript)."  *Id.*

4  The court went on to conclude that:

5         Controlling Ninth Circuit law and persuasive decisions from other Circuits
       require that a party seeking to take discovery outside the administrative
6       record in an ERISA case subject to de novo review meet the burden of
       showing justification. The overarching concern is that the trial court needs
7       the additional information to make its decision and that the administrative
       record is skewed either by a misconception of law or misconstruction of
8       the plan terms on the part of the plan administrator, or is otherwise
       seriously deficient. Finally, the trial court may be concerned about the
9       adequacy of the record due to evidence of bias on the part of the plan
       administrator, beyond the mere fact that the administrator is also the
10      payor.

11  *Id.* at *13.

12       Here, plaintiff has not demonstrated that the District court needs the additional

13  information sought by his discovery because the record is skewed either by a misconception of

14  law or misconstruction of the plan terms on the part of the plan administrator, or is otherwise

15  seriously deficient.

16  **5.    Rather than Discovery, the Proper Procedure is for the District Court to Determine,
       After Review of the Entire Administrative Record, if Additional Information is
17      Necessary and Order the Parties to Provide this Information**

18       The opinion in *Walker v. American Home Shield (LTD) Plan, supra,* 180 F.3d at 1065.

19  demonstrates the proper procedure to follow and further demonstrates why plaintiff's requests for

20  discovery are inappropriate.

21       In *Walker*, "[b]ecause of the difficulty of reviewing the administrator's decision de novo

22  where the medical evidence was not 'particularly clear,' *the district court appointed* an

23  independent expert, Dr. Daniel Wallace, the Clinical Chief of Rheumatology at Cedars-Sinai

24  Medical Center in Los Angeles, a Clinical Professor at UCLA School of Medicine . . . (emphasis

25

26

27

28

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT DISCOVERY**
USDC NDCA Case # CV07-06214 WHA
369881.1

1    added)." *Walker v. American Home, supra,* 180 F.3d at 1068.  Dr. Walker prepared a report that

2    was considered by the District Court in making its decision.  *Id.*

3            Again in *Ellis v. Egghead Software Short-Term and Long-Term Disability Plans*, 64 F.

4    Supp. 2d 986, 990-991 (E.D. WA 1999), another case relied on by plaintiff, the District Court

5    decided what it needed to perform an adequate de novo review and ordered the parties to obtain

6    this information.  The court stated that:

7            On July 21, 1999, following a telephonic conference with the parties, this
   court determined that the medical evidence in front of the court was

8            sufficient to conduct a de novo review of the claim. However, this court
   ordered the parties to depose Dr. Pearce and Dr. Sweeney so that the court

9            could make a determination of whether Ellis was "under the regular care
   of a licensed physician" as required by the Plans. The parties deposed the

10           doctors and have submitted transcripts to the court.

11   *Id.* at 990-991.

12           The proper procedure is for the District Court, after review of the entire administrative

13   record, to determine if any additional information is necessary to perform an adequate de novo

14   review and then to order the parties to provide the information.  In *Walker v. American* and *Ellis*

15   *v. Egghead*, the district court determined that it needed additional information to conduct an

16   adequate de novo review and obtained that information.  In the same way, if the Court believes he

17   needs additional information to conduct an adequate de novo review, the Court can order the

18   parties to provide him the information he needs.  This is consistent with ERISA's mandate to

19   resolve disputes over benefits inexpensively and expeditiously. *Taft v. Equitable Life Assurance*

20   *Soc'y, supra,* 9 F.3d at 1472.  This is consistent with the mandate in *Mongeluzo* that the district

21   court should exercise its discretion to allow evidence in addition to the administrative record only

22   when circumstances clearly establish that additional evidence is necessary to conduct an adequate

23   de novo review of the benefit decision.

24           Plaintiff's discovery turns this procedure upside down.  Plaintiff seeks discovery that he

25   thinks improves his position in this matter and justifies this approach by arguing that the

26

----

8

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

1    information sought is relevant. However, this is not the standard; the standard is whether the

2    information is necessary for the District Court to conduct an adequate de novo review. The

3    District Court, not plaintiff or his counsel, makes this determination upon review and analysis of

4    the entire administrative record.

5          As discussed above, the issue in this matter is not whether LINA abused its discretion. It

6    is de novo review. Therefore, the only relevant factor is whether LINA made the correct decision

7    and this is determined without consideration of information outside of the administrative record.

8          Finally, LINA has produced to plaintiff the entire administrative record under Federal

9    Rule of Civil Procedure 26. LINA does not dispute that plaintiff is entitled to the administrative

10    record. However, the administrative record is the evidence that LINA considered in making its

11    claim decision.

### G.    CONCLUSION

13          Plaintiff is not entitled to pursue the discovery included with his motion in this ERISA

14    action. He has not met the strict standards that govern discovery issues in an ERISA action.

15    Accordingly, his motion for leave to conduct discovery must be denied.

17    Dated: August 14, 2008       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

19                      By:    */s/ Dennis J. Rhodes*
                            ADRIENNE C. PUBLICOVER
                            DENNIS J. RHODES
                            Attorneys for Defendants
                            LIFE INSURANCE COMPANY OF NORTH AMERICA

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT DISCOVERY**
USDC NDCA Case # CV07-06214 WHA
369881.1

# CERTIFICATE OF SERVICE
*Andy E. Chan v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-06214 WHA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐: **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐: **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐: **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Glenn R. Kantor, Esq.
Alan E. Kassan, Esq.
Peter S. Sessions, Esq.
Brent D. Brehm, Esq.
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel:    (818) 886-2525
Fax:    (818) 350-6272

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **August 14, 2008** at San Francisco, California.

Nancy Li

---

10

**DEFENDANT'S SUBMISSION RE REQUEST FOR RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY**
USDC NDCA Case # CV07-06214 WHA
369881.1