IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY E. CHAN,<br><br>  Plaintiff,<br><br>  v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and FUJITSU BUSINESS COMMUNICATIONS SYSTEMS, INC. LONG TERM DISABILITY PLAN,<br><br>  Defendants.<br>_____ / | No. C 07-06214 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR FURTHER DISCOVERY** |

In this ERISA action, on July 25, 2008, plaintiff Andy Chan requested that he be granted leave to conduct further discovery if defendants' position were that the appropriate standard of review was for abuse of discretion. A few days later, defendants submitted its statement saying that the appropriate standard of review was *de novo* and lodged the administrative record with the Court. The Court then requested a response from both parties asking whether further discovery was still asked for. The parties have responded accordingly.

If de novo review applies, a district court can only consider other evidence under the restrictive rule of *Mongeluzo*. *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007). According to *Mongeluzo*:

> [E]xtrinsic evidence could be considered only under certain limited circumstances . . . [T]he district court should exercise its discretion to consider evidence outside of the administrative record '*only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision . . . '[A] district court should not take additional evidence

> merely because someone at a later time comes up with new evidence' and that '[i]n most cases' only the evidence that was before the plan administrator at the time of determination should be considered.

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995) (emphasis in original). Citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993) (en banc), the Ninth Circuit provided a non-exhaustive list of "exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary":

> [C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta*, 484 F.3d at 1217.

Mr. Chan requests that he be granted leave to conduct the following discovery: (i) the deposition of Dr. Kenneth J. Hammerman, whose medical testimony was relied upon by defendants in terminating Mr. Chan's benefits; and (ii) the deposition of technical specialist Jeff Vaupel, who was in charge of evaluating Mr. Chan's administrative appeal, and any other documents that have not been produced but reflect or are relevant to the appeal process and ultimate denial decision.

Mr. Chan says that Dr. Hammerman's deposition is needed because there is ambiguity surrounding Dr. Hammerman's opinions, and this is a case of "complex medical questions or issues regarding the credibility of medical experts." Mr. Chan's treating physician, Dr. Wesley Lisker, submitted a letter strongly disagreeing with defendants' decision to terminate Mr. Chan's benefits. Mr. Chan says that there is no evidence in the record that Dr. Hammerman was shown Dr. Lisker's letter or given the opportunity to respond to it. This order disagrees with Mr. Chan. Plaintiff does not provide any authority saying that the denial letter had to explain how Dr. Hammerman responded to Dr. Lisker's opinion. Instead, the denial letter

1  stated that Dr. Hammerman "has stated that you are physically impaired" and went on "to
2  further to [sic] quantify your physical impairments by outlining your specific restrictions and/or
3  limitations" (LINA 0019–25).  It also said that, beyond his letter, Dr. Lisker failed to provide
4  "any supporting medical evidence, including clinical or diagnostic findings, on which he relied
5  upon in rendering these conclusions" (*id*. at 0024).  The circumstances do *not* "clearly
6  establish" that additional evidence is "necessary" to conduct an adequate de novo review of the
7  decision to terminate Mr. Chan's benefits.  Accordingly, Mr. Chan's request for a deposition of
8  Dr. Hammerman is **DENIED**.

9  Mr. Chan then requests that he be able to depose Jeff Vaupel, who signed the letter
10  denying Mr. Chan's appeal.  The administrative record was produced in reverse chronological
11  order (Worst Decl. ¶ 5).  There is, however, nothing in the record between the letter denying
12  Mr. Chan's appeal (LINA 0019–25) and its acknowledgment of having received Mr. Chan's
13  appeal (LINA 0026).  Mr. Chan is correct here that there is little information as to how
14  defendants finally decided to deny Mr. Chan's appeal (beyond the denial letter).  The claims
15  procedures of a group health plan is not deemed to provide a claimant with a reasonable
16  opportunity for a full and fair review of his claim determination unless the claims procedures
17  included consultation with a health care professional who was *not* connected to the initial
18  adverse benefit determination.  29 C.F.R. 2560.503-1(h).  There was little evidentiary record as
19  to the administrative procedures here.  Accordingly, Mr. Chan's second request for the
20  deposition of Mr. Vaupel and for documents relating to this decision is **GRANTED**.

22  **IT IS SO ORDERED.**

24  Dated:  August 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3