```
 1  ADRIENNE C. PUBLICOVER  (SBN #161432)
    Email: adrienne.publicover@wilsonelser.com
 2  DENNIS J. RHODES  (SBN #168417)
    Email: dennis.rhodes@wilsonelser.com
 3  WILSON, ELSER, MOSKOWITZ,
         EDELMAN & DICKER LLP
 4  525 Market St., 17th Floor
    San Francisco, California 94105
 5  Tel:    (415) 433-0990
    Fax:    (415) 434-1370
 6
    Attorneys for Defendants
 7  LIFE INSURANCE COMPANY OF NORTH AMERICA
    And FUJITSU BUSINESS COMMUNICATIONS
 8  SYSTEMS, INC. LONG TERM DISABILITY PLAN
 9
    ALAN E. KASSAN  (SBN #113864)
10  Email: akassan@kantorlaw.net
    PETER S. SESSIONS  (SBN #193301)
11  Email: psessions@kantorlaw.net
    KANTOR & KANTOR, LLP
12  19839 Nordhoff Street
    Northridge, CA  91324
13  Tel:    (818) 886-2525
    Fax:    (818) 350-6272
14
    Attorneys for Plaintiff
15  ANDY E. CHAN
16
17              UNITED STATES DISTRICT COURT
18              NORTHERN DISTRICT OF CALIFORNIA
19
```

| | |
|---|---|
| ANDY E. CHAN, | Case No.:   CV07-06214 WHA |
| Plaintiff, | **SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; and FUJITSU BUSINESS COMMUNICATION SYSTEMS, INC. LONG TERM DISABILITY PLAN, | Date:    September 10, 2008<br>Time:    11:00 a.m.<br>Ctrm:    9<br>Floor:   19th Floor<br>Before:  Honorable William H. Alsup |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court, and this

---

1
**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
USDC NDCA Case # CV07-06214 WHA
372925.1

Court's Order, Plaintiff Andy Chan ("Chan") and Defendants Life Insurance Company of North America ("LINA") and Fujitsu Business Communications Systems, Inc. Long Term Disability Plan ("the Plan") (collectively, "Defendants"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement.

**1.    Jurisdiction and Service.**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as it involves a claim by Chan for long term disability ("LTD") benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is also predicated under 28 U.S.C. § 1331 (federal question). All parties to the action have been served and appeared.

**2.    Facts.**

This case arises from a claim by Chan for LTD benefits under the Plan, which is governed by ERISA. Defendant LINA is the insurer and claim administrator of the Plan.

Chan was a communications equipment installer for Fujitsu Communications. As an employee of Fujitsu Communications, he was a participant and eligible for benefits under its LTD Plan. Chan suffered from renal failure in 1994, and subsequently submitted an application for LTD benefits under the Plan to LINA, which approved his application and began paying benefits in 1995. LINA ceased paying benefits in May of 2007 on the ground that Chan no longer met the Plan definition of disability. Chan appealed the decision and LINA upheld its denial. This action followed.

Chan contends that LINA's termination of benefits was wrong and he is entitled to continued disability benefits. Defendants contend the denial was correct.

**3.    Legal Issues.**

Whether Chan is entitled to benefits under the terms of the Plan.

4. **Motions.**

There are no prior or pending motions. The Court has ruled that Chan may conduct discovery pursuant to its order of August 18, 2008.

5. **Amendment of Pleadings.**

There are no anticipated amendments to the pleadings.

6. **Evidence Preservation.**

Plaintiff has no electronic documents that require preservation.

Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and have preserved and produced through initial disclosures the administrative record in this matter.

7. **Disclosures.**

    a.    Plaintiff's Disclosure.

Plaintiff will produce documents pursuant to Rule 26 to the extent they are necessary to complete the administrative record produced by Defendants.

    b.    Defendants' Disclosure.

Defendants have made their Rule 26 disclosures.

8. **Discovery.**

Neither party has taken any discovery to date. The Court has allowed limited discovery pursuant to its order dated August 18, 2008.

9. **Class Actions.**

This case has not been pled as a class action.

**10.  Related Cases.**

There are no known related cases.

**11.  Relief.**

a.  *Relief Sought by Plaintiff.*

Plaintiff seeks LTD benefits under the Plan in the amount of approximately $740 per month, minus applicable offsets, and his reasonable costs and attorney's fees pursuant to 29 U.S.C. § 1132(g).

b.  *Relief Sought by Defendant.*

Defendant seeks judgment and dismissal with prejudice of this matter, and any reimbursement of attorney's fees and costs permissible under the law.

**12.  Settlement and ADR.**

The parties through their counsel have discussed ADR. The parties remain open to ADR including private mediation.

**13.  Consent to Magistrate Judge.**

Defendant does not consent to a Magistrate Judge.

**14.  Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues.**

The parties believe this is a fairly straightforward ERISA case which can be satisfactorily resolved at trial.

**16.    Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling.**

i.    The parties propose that the discovery which the Court allowed under its August 18, 2008 order be completed by November 3, 2008. Should the parties require additional time, the parties will petition the Court for an extension.

ii.    The parties request that the Court waive the Final Pre-Trial Conference because:

(a)    This will be a bench trial with no live testimony;

(b)    The parties anticipate that the evidence will be largely limited to the claim file and any evidence required to be contained within the Administrative Record; and

(c)    The parties' respective positions may be briefed through trial briefs.

iii.    The parties propose a deadline for filing simultaneous opening trial briefs of January 19, 2009, and for filing responsive briefs on February 2, 2009. The parties propose a trial date of February 16, 2009.

**18.    Trial.**

The parties estimate that the trial of this matter will require two hours to one half day.

**19.    Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil Local Rule 3-16, Chan certifies that, other than himself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Pursuant to Civil Local Rule 3-16, Defendants certify that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Life Insurance Company of North America and Fujitsu Business Communications Systems, Inc. Long Term Disability Plan.

**20.    Other Matters to be Considered.**

The parties believe that there are no other matters that need to be considered at this time.

Date: September 3, 2008                                KANTOR & KANTOR, LLP


                                                       By:_____/s/ Peter S. Sessions_____
                                                          Alan E. Kassan, Esq.
                                                          Peter S. Sessions, Esq.
                                                          Attorneys for Plaintiff
                                                          ANDY E. CHAN


Date: September 3, 2008                                WILSON, ELSER, MOSKOWITZ,
                                                           EDELMAN & DICKER LLP


                                                       By:_____/s/ Dennis J. Rhodes_____
                                                          Adrienne C. Publicover
                                                          Dennis J. Rhodes
                                                          Attorneys for Defendant
                                                          LIFE INSURANCE COMPANY OF NORTH
                                                          AMERICA

# CERTIFICATE OF SERVICE
*Andy E. Chan v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-06214 JL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Alan E. Kassan, Esq.
Peter S. Sessions, Esq.
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA  91324
Tel:   (818) 886-2525
Fax:   (818) 350-6272

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **September 3, 2008**, at San Francisco, California.

_____
Nancy Li

---

7
**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
USDC NDCA Case # CV07-06214 WHA
372925.1